Dear Sheriff Ficklin:
We are in receipt of your request for an expedited opinion regarding absentee voting by mail. Your letter states that one person brought in 84 applications for voting absentee by mail to the St. Helena Parish Registrar of Voters, and another person brought in 75 applications. You reference R.S. 18:1308(A)(1)(a) in seeking an opinion on the following question:
 To avoid the crime of vote buying, it would seem that this practice of bringing in applications to the Registrar by persons other than the person applying for the absentee ballot by mail would be illegal. We would appreciate your opinion as to whether or not the Registrar of Voters can accept applications to vote absentee by mail from persons other than the applicant and can they accept these applications in any other manner than by receiving them by mail?
Chapter 7 of the Louisiana Election Code provides for absentee voting. Absentee voting is accomplished by voting eitherin person or by mail. The Election Code sets forth procedures for making application to vote by mail and sets forth procedures for making application and voting in person. In order to vote absentee by mail, a qualified voter must make application as provided in R.S. 18:1307, as follows:
 § 1307. Application by mail
 A. A person qualified to vote absentee by mail under this Chapter may make application therefor to the registrar by letter; over his signature; setting forth:
 (1) The election or elections for which he requests an absentee ballot.
 (2) The reason for his request to vote absentee and attaching any documents in support thereof that are required by law.
 (3) The address to which the absentee ballot or ballots shall be sent.
 (4) The ward and precinct in which the person is qualified to vote, if known.
 (5) If the person requests that a ballot for a general election be sent in addition to a ballot for the primary, he shall declare in writing to the registrar that he will be eligible to vote absentee by mail in the general election.
 B. Except as provided in Subsection C of this Section, an application must be received by the registrar not earlier than sixty days or later than ninety-six hours before the close of the polls for the election for which it is requested, and the date received shall be noted thereon.
 C. If the applicant is a member of the United States Service or resides outside the United States, he may use the federal postcard application, and the period during which applications may be received by the registrar shall extend from twelve months to seven days before election day.
 D. A person entitled to vote absentee by mail may request in his application for an absentee ballot for a primary election that an absentee ballot for the succeeding general election be sent to him when such ballots become available for distribution. However, in such case, the applicant shall declare in writing to the registrar that he will be eligible to vote absentee by mail in the general election.
 E. The registrar shall not send an absentee ballot to an applicant whose application for an absentee ballot does not meet the requirements of Subsection A of this Section. (Emphasis added).
Thus, the registrar has authority to refuse to send an absentee ballot to an applicant who does not meet the requirements of R.S. 18:1307(A). For example, if an application does not contain a genuine signature of the registered voter, as compared to the original signature on file with the registrar of voters, the registrar is authorized to refuse the application to vote absentee by mail. However, we can not find any authorization in the law for the registrar to refuse to send an absentee ballot to an applicant who does not make application to vote absentee by mail through mail delivery or, whose application is hand delivered to the registrar's office by a third party.
R.S. 18:1308, referred to in your letter, sets forth theprocedure for absentee voting by mail. It states:
 § 1308. Absentee voting by mail
 A.(1)(a) Beginning with the date on which the registrar receives the absentee ballots and other necessary paraphernalia from the secretary of state, and thereafter, immediately upon receipt of an application by mail, the registrar shall mail the necessary instructions, certificates, ballots, and envelopes to the applicant at the address furnished by the applicant . . .
 * * *
 The statute goes on to describe how the voter proceeds to vote absentee by mail, versus voting absentee in person, which is provided for in R.S. 18:1309. This language, "application by mail", is somewhat confusing. We understand that the registrars of voters across the state have had confusion about whether this specific language requires the registrar to receive an application to vote absentee by mail through mail delivery only, or whether the registrar is authorized to receive said applications by mail delivery, by hand delivery by the applicant, by hand delivery by a third party or by facsimile transmission.
 It has been the custom and practice of many of the registrars of voters to receive applications to vote absentee by mail by several means, such as hand delivery, through mail delivery, or by facsimile transmission. On the other hand, some registrars of voters interpreted the language "application by mail" literally to mean that they could only accept applications to vote absentee by mail through mail delivery.
 It is our understanding that at an annual meeting of the registrars of voters this issue was discussed and the majority of the registrars voted to continue the custom of accepting the applications by the several means discussed herein, and not only through mail delivery. Thereafter, amendments to the law were suggested to and adopted by the legislature. Act 254 of the 1999 Regular Legislative Session amended R.S. 18:1307, to provide as follows:
 (B)(1) An application to vote by mail may be delivered to the registrar by any means, including the United States Postal Service, commercial delivery service, hand delivery, or facsimile.
 * * *
 This new law, however, is not effective until January 1, 2000.
 LSA-C.C. art. 3 states:
 Custom results from practice repeated for a long time and generally accepted as having acquired the force of law. Custom may not abrogate legislation.
It is our opinion that the language of R.S. 18:1308, "application by mail", is susceptible of different meanings. On the one hand, it can be interpreted as referencing the receipt of an application to vote absentee by mail, as opposed to receipt of an application to vote absentee in person. On the other hand, it can be literally interpreted to mean that all applications to vote absentee by mail must be received by the registrar through mail delivery only.
We do not believe that the legislature intended all applications to vote absentee by mail must be received by the registrar through mail delivery only. Additionally, the majority of the registrars across the state have accepted applications to vote absentee by mail over the counter when people walk into their office and even by facsimile transmission. The law has been amended to clarify this issue, yet it is not effective until January 1, 2000. Therefore, we are of the opinion that the registrars are performing their duties in a proper manner when they continue the custom or practice of accepting applications to vote absentee by mail by hand delivery, whether by the applicant or a third party, by mail delivery or by facsimile transmission.
With regard to your concern of the crime of vote buying, all of us who are involved in elections want to prevent that from occurring. The Election Code provides for certain election offenses. It states that it is an election offense for any person to knowingly, willfully, or intentionally "offer, promise, solicit, or accept money or anything of present or prospective value to secure or influence a vote ", "supply a false answer or statement to an election official or in any document required by [the Election Code], or execute an affidavit knowing it to contain false or incorrect information", and "forge the name of another. . . ." [R.S. 18:1461]. A violation caries a fine of up to $1,000 or imprisonment up to 1 year, or both. A second or succeeding offense caries a fine of up to $2,500 or imprisonment up to 5 years, or both. Therefore, any knowledge of a possible crime by you, the registrar and/or any other person should be reported to the appropriate District Attorney for action.
We hope the foregoing addresses all of your questions and concerns. If our office can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE
Assistant Attorney General
RPI/ARL
cc: Hon. Jerry M. Fowler Hon. W. Fox McKeithen Registrar Barbara Bates